**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAUR SINGH, | No. 07-72237 |
| Petitioner, | Agency No. A079-610-950 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Kaur Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

The agency denied Singh's asylum application as time-barred. Singh does not challenge this dispositive finding in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued are waived). Accordingly, we deny the petition as to Singh's asylum claim.

Substantial evidence supports the agency's adverse credibility determination because the inconsistencies between Singh's testimony and the asylum officer's notes with respect to the nature of the mistreatment Singh allegedly suffered during his first and third arrests, the duration of Singh's detention following his first arrest, whether Singh sought medical treatment at a hospital following his second arrest, and whether Singh reported the incidents to the chief minister, go to the heart of his claim of persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). Accordingly, Singh's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim fails because it is based on the same testimony the agency found not credible, and Singh points to no other evidence that shows it is more likely than not he will be tortured in India.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**